**Bennie Dixon BURTON, Petitioner-Appellant,**

v.

**Joseph A. OLIVER, Warden, Respondent-Appellee.**

No. 79–2562.

United States Court of Appeals, Fifth Circuit.

July 3, 1979.

Bennie Dixon Burton, pro se.

Charles A. Graddick, Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellant, asserting probable cause and pauper status, seeks to appeal the denial of his petition for writ of habeas corpus. The issues which he advances were presented to the Alabama appellate courts on direct appeal, without effect. *Burton v. State,* 364 So.2d 394 (Ala.Crim.App.1978), *cert. denied,* 364 So.2d 397. Without seeking other relief, he filed this application for relief pursuant to 28 U.S.C. § 2254. The district court dismissed his petition for failure to exhaust state collateral remedies.

Though there is language in § 2254 supporting this disposition,[1] the law is settled that it does not mean what it appears to say and that it is not necessary for the prisoner to ask the state for collateral relief based on the same issues and evidence already raised on direct appeal before seeking federal relief. *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978) (en banc); *Young v. Alabama,* 427 F.2d 177 (5th Cir. 1970).[2] We could not disturb these holdings if we wished to; they are binding upon us and on the district court.

We therefore find probable cause to appeal, grant appellant pauper status, and docket his appeal.[3] The cause is

REVERSED AND REMANDED.

---

1. "(c) An applicant shall not be deemed to have exhausted the remedies available in the course of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

2. From an examination of the opinion on state direct appeal it seems doubtful that petitioner's claims warrant the relief he seeks here, but that record is not before us, the trial court has not considered it, and we express no opinion of a binding nature on this subject.

3. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis,* 5 Cir., 1969, 406 F.2d 1158.