## 61014. WALKER v. THE STATE.

DEEN, Presiding Judge.

Appellant raises this appeal following his conviction of two counts of selling controlled substances. We affirm.

1. Appellant first asserts error in the trial court's denial of his motion for a pre-trial continuance contending that the court's ruling deprived appellant's counsel of sufficient time to prepare a full defense. Appellant was indicted during the January Term, 1980, and was arraigned on March 12, 1980, at which time appellant was represented by counsel and entered a plea of not guilty. The record is unclear as to appellant's actions during the following three months. However, it is uncontroverted that on or about June 14, 1980, appellant visited the offices of the district attorney and requested that the case be continued since he had been unable to complete financial arrangements with his retained counsel. The district attorney informed appellant that the case was set on the trial calendar for July 21, 1980, and that if appellant had been unable to employ counsel, the district attorney would accompany him to court to request that an attorney be appointed to represent appellant. Appellant chose not to do so. The record also reveals that by hand-delivered letter dated July 15, 1980, a private attorney informed the office of the district attorney (and the trial judge by carbon copy) that he had been contacted one week earlier by appellant to secure representation "in the pending criminal case that is set for next week," that appellant had failed to pay him as had been agreed and had in fact failed to contact him since, and that the undersigned did not represent appellant and that it might be necessary for the court to appoint counsel for appellant.

On the day set for trial, appellant appeared before the court and indicated that he did not have a lawyer and was not prepared to go to trial. The court then appointed counsel for appellant and continued the case for two days until July 23, 1980. Appellant's appointed counsel filed a motion for a continuance for the term on July 22nd and argued the motion when the case was called for trial on July 23rd. The court denied the motion, but granted an additional two-day continuance. On July 25th, appellant's motion for continuance was renewed in chambers and denied; appellant was thereupon tried and convicted.

"In reviewing denials of motions for continuance, we are guided by the standard of the Supreme Court that '(u)ndue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between the two extremes.' *Harris v. State,* 119 Ga. 114, 115 (45 SE 973) (1903); *Fair v. Balkcom,*

216 Ga. 721, 726 [(119 SE2d 691) (1961)]. Our decisions must be made on a case-by-case basis after reviewing the particular facts at hand ... Counterbalancing the court's duty to insure that the defendant is not brought to trial with unnecessary haste and with possible prejudice to his defense is our obligation to prevent defendants from trifling with the operation of the trial courts in an attempt to obtain delay or some other perceived advantage. For this reason, this court will find the denial of requests for continuance in situations such as this to be error only with great reluctance." *Williams v. State,* 144 Ga. App. 410, 411-412 (241 SE2d 261) (1977).

In the instant case, appellant was represented by counsel at his arraignment over three months before his trial. He contacted another attorney nearly two weeks before trial to arrange for legal representation, and ten days before trial the district attorney offered to escort him to court to have counsel appointed for the trial. Yet, appellant chose only to appear alone in court when his case was called and to seek a continuance due to his lack of legal representation. We find that the "fault in nonrepresentation" clearly lies with appellant herein. *Bacon v. State,* 146 Ga. App. 468 (246 SE2d 475) (1978). The trial court properly denied appellant's motion for a continuance for the term. See, *White v. State,* 146 Ga. App. 620 (247 SE2d 203) (1978).

2. Appellant next contends that the evidence is not sufficient to support the verdict herein. "In passing upon the general grounds, this court reviews not the weight but the sufficiency of the evidence to support the verdict. The evidence is viewed in the light most favorable to the verdict. So long as there is 'any evidence' to support the jury's verdict, it will not be disturbed on appeal. *Eubanks v. State,* 240 Ga. 544, 546 (242 SE2d 41) (1978)." *Pierce v. State,* 243 Ga. 454 (254 SE2d 838) (1979).

The record herein supports findings that on two occasions appellant freely and voluntarily sold to an undercover agent substances later identified by expert testimony to be cocaine and heroin. The evidence clearly supports the jury's verdict.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 30, 1981 —
REHEARING DENIED FEBRUARY 11, 1981 — 

*Nathan Davis,* for appellant.
*William S. Lee, District Attorney,* for appellee.