62992. BROWN v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of the misdemeanor offense of pimping. His sole enumeration of error is that the trial court's denial of his motion for a new trial, sustaining its refusal to honor appellant's request for appointment of counsel, violated his constitutional right to be represented by counsel.

The record discloses that in October 1980 and again in March 1981 appellant applied for appointment of counsel based on his indigency. On both occasions the application was denied, as appellant did not fall within the income eligibility guidelines authorizing appointment of counsel approved by the Supreme Court. Code Ch. 27-33 Appendix, § 1.6 A; 246 Ga. 837, et seq. The record clearly supports the trial court's denial of appellant's applications. Since appellant did not retain counsel after being advised that he had been found not to be indigent, he necessarily appeared pro se.

In *Clarke v. Zant,* 247 Ga. 194, 197 (275 SE2d 49) (1981), our Supreme Court held that where a defendant proceeds to trial pro se the record should reflect that the trial court made the defendant aware of the dangers of proceeding without counsel. *Zant* was decided in the context of a waiver of counsel by the defendant. We are not dealing here with a waiver of counsel case where appellant desired to proceed pro se; rather, we are dealing with a case where appellant sought appointment of counsel but the trial court, having determined

correctly that he was not an indigent, had no duty to appoint counsel. Nevertheless, we believe that the rule in *Zant* is applicable here, for the Supreme Court stated: "We therefore hold that in future cases, the record should reflect a finding on the part of the trial court that the defendant . . . was made aware of his right to counsel *and the dangers of proceeding without counsel.* Id., at 197. (Emphasis supplied.) We deem the same advice and warning necessary whenever a defendant, for whatever reason, appears for trial without counsel. In our opinion, the rule in *Zant* applies whether the defendant is indigent or has been found to have the means necessary to retain counsel. Since appellant in the instant case was not warned of the dangers of proceeding without counsel, we must reverse.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 16, 1982.

*Robert I. Donovan, Richard L. Moore,* for appellant.
*Herbert A. Rivers, Solicitor, Therese L. Glisson, Assistant Solicitor,* for appellee.