## 62914. HORTON v. THE STATE.

SOGNIER, Judge.

Horton was convicted of burglary and criminal trespass. On appeal he contends the trial court erred (1) by denying his application for appointed counsel; (2) by excluding testimony as to a conversation with the victim's sister which was offered to explain appellant's conduct; and (3) by denying him a fair trial.

Appellant represented himself in the trial of this case, but contends he did so only because the trial court would not appoint counsel to represent him and he could not afford to retain counsel of his own choosing.

1. In regard to Enumeration 1, the record indicates that the trial court properly denied appellant's request for appointment of counsel due to indigency, as he did not fall within the income eligibility guidelines authorizing appointment of counsel approved by the Supreme Court. Code Ch. 27-33 Appendix, § 1.6 A; 246 Ga. 837, et seq.

2. Turning next to Enumeration 3, appellant contends he was denied a fair trial. We interpret this to mean that because he was acting pro se appellant claims that he was inadequately represented during his trial.

When appellant failed to employ counsel after being advised that he had been found not to be indigent, he necessarily proceeded pro se. Our Supreme Court, in *Clarke v. Zant,* 247 Ga. 194, 197 (275 SE2d 49) (1981) held that where a defendant proceeds to trial pro se the record should reflect that the trial court made the defendant aware of the danger of proceeding without counsel. We acknowledge that this holding in *Zant* was made in the context of a waiver of counsel by defendant. We are not here dealing with a waiver of counsel case where appellant desired to proceed pro se; rather, appellant continually sought counsel but the trial court, having determined correctly that he was not an indigent, had no duty to appoint counsel. Nevertheless, in *Zant* the Supreme Court stated: "We therefore hold that in future cases, the record should reflect a finding on the part of the trial court that the defendant . . . was made aware of his right to counsel *and the dangers of proceeding without counsel.*" Id., at 197. (Emphasis supplied.) While *Zant* was concerned with waiver of counsel and the defendant's desire to proceed without counsel after being fully advised of his rights and the dangers inherent in such a course of action, we deem the same advice and warning necessary whenever a defendant, for whatever reason, appears for trial without counsel. In our opinion, the rule in *Zant* applies whether the defendant is indigent or has been found to have the means necessary to retain counsel. In the instant case appellant was not warned of the dangers of proceeding without counsel. Accordingly, we must reverse. In view of our holding on this issue, we need not consider Enumeration 2.

*Judgment reversed. Shulman, P. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED MARCH 16, 1982.

*James A. Satcher, Jr.,* for appellant.
*Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.