Michael J. Bowers, Atty. Gen., Atlanta, Ga., for defendant-appellee.

**Henry WALKER, Plaintiff-Appellant,**

v.

**Walter ZANT, Warden, Georgia Diagnostic and Classification Center, Defendant-Appellee.**

No. 82–8226
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1982.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Henry Walker is currently an inmate of the Georgia penal system. He was convicted of violating the Georgia Controlled Substance Act and sentenced to fifteen years imprisonment and immediately upon his release, to fifteen years probation. After his conviction, Walker appealed to the Georgia Court of Appeals where he unsuccessfully

urged that his appointed counsel did not have sufficient time to prepare for trial, that the trial court erred by refusing to grant the defendant a continuance, and that the evidence was insufficient to support his conviction. The court of appeals affirmed. 157 Ga.App. 484, 277 S.E.2d 740 (1981). The Georgia Supreme Court vacated the court of appeals' opinion for reconsideration in light of the United States Supreme Court's decision in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 286 S.E.2d 425 (1981). The court of appeals again affirmed, finding that a rational trier of fact could have reasonably found the defendant guilty beyond a reasonable doubt, 158 Ga.App. 306, 280 S.E.2d 438 (1981) and the Georgia Supreme Court denied certiorari.

Walker filed a petition for habeas corpus in the Superior Court of Butts County, Georgia which the court dismissed on Walker's request. Walker then filed this habeas petition in federal district court alleging that he received ineffective assistance of counsel at his state court trial because his appointed counsel did not have a reasonable time in which to prepare for trial and because the trial court refused to grant a continuance. The district court dismissed the petition finding that if Walker had a habeas corpus application pending in the Superior Court of Butts County, the federal petition would be premature. If the petitioner did not have an application pending in state court, the court stated, he had not exhausted available state remedies. We reverse.

■ A federal court will not grant habeas corpus relief to a person held in custody pursuant to a state court judgment unless it appears that the applicant has exhausted remedies available to him in the state courts. *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir.1980); 28 U.S.C. § 2254(b) (1976). The exhaustion requirement, however, does not require the prisoner to seek collateral review from the state judiciary of the same issues already raised on direct appeal. *Cobb v. Wainwright,* 666 F.2d 966, 969 n. 3 (5th Cir.), *cert. denied,* —— U.S.

——, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982); *Burton v. Oliver,* 599 F.2d 49, 50 (5th Cir.1979). In the case at bar, Walker raises the same issues in his habeas petition that he included in his direct appeal in state court. *See Walker v. State,* 157 Ga.App. 484, 277 S.E.2d 740, *vacated and remanded,* 248 Ga. 808, 286 S.E.2d 425, *aff'd,* 158 Ga. App. 306, 280 S.E.2d 438 (1981). Therefore, he has exhausted his state remedies on these issues for the purpose of filing a federal habeas petition.

On the same day the district court issued its order, Walker filed a proposed amendment to his application for habeas corpus. The amendment contains several additional arguments for habeas relief that were apparently not litigated in state court. The record does not contain an order by the district court allowing this amendment. The claims raised in this amendment and supplemental brief do not appear to be part of the original petition. If Walker persists in raising these claims, he may convert his application into a "mixed petition"—a petition that asserts both exhausted and unexhausted claims. If the application is a "mixed petition," the district court should dismiss the petition leaving Walker with the choice of returning to state court to exhaust his claims, amending the application, or resubmitting the habeas petition to present only exhausted claims to the district court. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The decision of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.