#### 69363. GLAZE v. THE STATE.
(325 SE2d 172)

DEEN, Presiding Judge.

James E. Glaze, Jr., appeals from his conviction of simple battery contending the trial court erred in allowing him to waive his right to counsel without insuring that the waiver was knowing, intelligent and voluntary. *Held:*

The record indicates that before trial Glaze signed a form entitled "Waiver of Rights for Trial Without a Jury" and initialed the section which states: "I do not desire a lawyer appointed or employed, and waive the right to have an appointed lawyer or employed lawyer to represent me." Just prior to trial, the court briefly examined the defendant about the waiver and merely inquired of the defendant as

to whether he had read it, understood it, and if he was ready to proceed. Glaze answered all three questions in the affirmative.

In *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981), the court held that where a defendant proceeds to trial and represents himself the record should reflect that the trial court made the defendant aware of the danger of proceeding without counsel. See also *Horton v. State*, 161 Ga. App. 664 (289 SE2d 788) (1982) and *Fernandez v. State*, 171 Ga. App. 290 (319 SE2d 503) (1984). As appellant was not warned of the danger of proceeding without counsel, we must reverse.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1984.

*Theodore S. Worozbyt, William A. Morrison,* for appellant.
*Herbert T. Jenkins, Jr., Solicitor, Carey M. Cameron, Assistant Solicitor,* for appellee.