**Demetrius Cyrus GEORGALIS,
Petitioner-Appellant,**

v.

**District Attorney Donnie DIXON, et al.,
Respondents-Appellees.**

**No. 84–8808
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 13, 1985.

Demetrius Cyrus Georgalis, pro se.

Harry D. Dixon, Jr., Waycross, Ga., for respondents-appellees.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Petitioner appeals from an order of the district court denying his petition for a writ of habeas corpus. He filed the writ in order to prevent the State of Georgia from trying him on certain criminal charges, maintaining that the State had violated the Interstate Agreement on Detainers Act, 18 U.S.C.App., by failing to extradite and try him within 120 days after a request was made.

Petitioner was originally arrested on a Georgia warrant on January 21, 1981. He posted bond but the warrant was later dismissed. On April 10, 1981, Georgia issued a second warrant, alleging the same crime, but a different date. In May of 1981, petitioner began serving a federal sentence at the prison camp at Eglin Air Force Base in Florida. On May 26 of that year the District Attorney for the Waycross, Georgia Judicial Circuit requested a governor's warrant for extradition; the warrant was issued on June 4, 1981. Georgia took no action on the arrest warrant until August 10, 1982, when it filed a request for custody, providing that the prisoner would be tried within the statutory time contemplated by the Interstate Agreement on Detainers Act. However, on August 20, 1982, the State of Georgia withdrew this request.[1]

On August 3, 1983, the district court ordered the Warden of the Eglin Air Force Base Prison Camp not to comply with any Georgia detainer that had been lodged against the petitioner, but to release him upon expiration of his federal sentence. Petitioner was subsequently released from federal custody.[2] On September 11, 1984, the district court denied petitioner's petition for a writ of habeas corpus, primarily based upon the fact that he had failed to exhaust his available state remedies. We affirm.

A federal court will not grant habeas corpus relief unless the petitioner has exhausted all available state remedies. *See Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir.1982); *see also* 28 U.S.C. § 2254(b). In this case, the Georgia courts have not been given an opportunity to consider petitioner's allegations. Although petitioner apparently filed motions to discharge the detainer and thus bar prosecution in the state courts, no evidentiary hearing was ever held due to his failure to submit himself to the jurisdiction of the state court. Thus, it would appear that he has failed to satisfy

the exhaustion requirement. *See Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In *Braden*, the Court found that petitioner had satisfied the practical demands of the exhaustion requirement by making repeated demands upon the state to try him. In this case, however, petitioner has not repeatedly sought to assert his right to a speedy trial, but rather he used his Speedy Trial right as a defense to pending criminal charges. However, absent special and unique circumstances, federal habeas corpus does not lie to adjudicate the merits of affirmative defenses to state criminal charges. *Braden, supra*, 410 U.S. at 489, 93 S.Ct. at 1126; *See also Ex Parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886).

Petitioner's claims will still be available to him at any proceeding in which he contests extradition or upon his trial in the State of Georgia. Therefore, finding that the adjudication of petitioner's claims would be premature at this time, the decision of the district court is

AFFIRMED.

---

1. The State of Georgia did indicate, however, that it was still interested in prosecuting petitioner at the completion of his federal sentence.

2. Petitioner alleges that he is still on probation for his federal sentence. However, the record is unclear as to petitioner's status as a federal prisoner.