73509. BURNETT v. THE STATE.
(356 SE2d 231)

CARLEY, Judge.

Appellant was indicted in 1980 for three counts of violating the Georgia Controlled Substances Act. He was initially afforded representation by appointed counsel. However, appellant's appointed counsel subsequently withdrew from the representation. At a pre-trial hearing during the October 1982 Term of the superior court, appellant appeared without legal representation and informed the court that he did not have counsel. In response to the trial court's repeated inquiries, however, appellant stated that he was financially able to employ an attorney and that he had no desire for the appointment of counsel. He further stated that, upon the call of his scheduled trial the following January, he would be represented by retained counsel. Appellant was specifically advised that, if he could not secure counsel for his trial, "for any reason, [he was to] contact either [the assistant district attorney] or [the trial court] immediately . . . so the appointment [could] be made. But if [he] waited until three or four days before trial, . . . that [would] not . . . warrant a[nother] continuance." Appellant stated that he understood.

At the call of his trial in January of 1983, however, appellant was not represented by counsel. It was determined that appellant had not even been in contact with an attorney until a day or so prior to trial. That attorney had declined to represent appellant. Based upon appellant's status as a non-indigent, the trial court refused to appoint counsel. Appellant was also refused additional time within which to retain counsel. Consequently, appellant was required to represent himself at his trial. The jury returned verdicts of guilty on all three counts. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts and from the denial of his motion for new trial.

1. The trial court's ruling that appellant would be required to go

to trial without counsel is the subject of several related enumerations of error. Appellant urges that he had the right to be represented by counsel, which right was never waived by him.

Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel or, in the alternative, to represent themselves. However, it is only indigent defendants for whom the trial court must appoint counsel. For a non-indigent defendant, such as appellant, the constitutional right to counsel only " 'entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services.' " (Emphasis in original.) *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983).

The constitutional right to counsel may be waived. Since no defendant has the right to simultaneous representation by counsel and self-representation, his election of the latter right is necessarily a waiver of the former. When waiver of the right to counsel rests upon the defendant's election of his alternative right of self-representation, "the record should reflect a finding on the part of the trial court that the defendant has *validly chosen* to proceed pro se. The record should also show that *this choice* was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." (Emphasis supplied.) *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981). A defendant's voluntary election of the alternative right of self-representation is not, however, the only circumstances in which the waiver of the right to counsel may arise. Notwithstanding a defendant's present verbal insistence upon his right not to be tried without counsel, his own past actions may nevertheless demonstrate that the right has been waived. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. See generally *Bostick v. Ricketts*, 236 Ga. 304, 306 (2) (223 SE2d 686) (1976); *Ward v. State*, 248 Ga. 60, 65 (281 SE2d 503) (1981); *Fernandez v. State*, 171 Ga. App. 290, 294 (319 SE2d 503) (1984); *United States v. Casey*, 480 F2d 151 (5th Cir. 1973). Thus, when presented with a non-indigent defendant who has appeared for trial without retained counsel, "the trial judge [has] a duty to delay the proceedings long enough to ascertain whether [the defendant has] acted with reasonable diligence in obtaining [an attorney's] services and whether [the] absence [of an attorney is] attributable to reasons beyond [the defendant's] control." *Shaw v. State*, supra at 112.

Turning to the case sub judice, the trial court determined some months prior to trial that appellant was not indigent and that he had no desire that counsel be appointed to represent him. Compare *Stapp v. State*, 249 Ga. 289 (1) (290 SE2d 439) (1982). The trial court apprised appellant of his right to appointed counsel should he be unable

to secure representation, informed him of his responsibility to request appointed counsel within a sufficient time prior to the scheduled trial date, and specifically warned him that a failure either to secure representation or to request appointment of counsel would not be grounds for another continuance of his trial. Notwithstanding appellant's statement that he understood his rights and responsibilities regarding his representation, he appeared at his trial without having requested appointment of counsel and without any retained counsel being present. The trial court delayed the proceedings long enough to ascertain whether appellant had acted with reasonable diligence in securing representation and whether the absence of counsel was attributable to reasons beyond appellant's control. Compare *Shaw v. State*, supra. The trial court was clearly authorized to find that the lack of representation was entirely attributable to appellant's lack of diligence in retaining counsel. See generally *Walker v. State*, 157 Ga. App. 484 (1) (277 SE2d 740) (1981).

Appellant contends, however, that there could be no viable waiver of his right to counsel because, on the day of trial, he did not receive a warning from the trial court regarding the danger of proceeding pro se. As noted above, a showing that such a warning was made is a requirement in those cases wherein the purported waiver of the right to counsel arises from the defendant's own voluntary invocation of his countervailing right to self-representation. *Clarke v. Zant*, supra. The giving of a warning of the danger of proceeding pro se would obviously be relevant to the waiver issue under those circumstances, since the issue will ultimately turn upon whether the defendant's relinquishment of one constitutional right by the election of another is the product of an informed and valid choice on his part. Whether or not the warning has been given would have no such relevance in circumstances where a non-indigent defendant has invoked his right *not* to proceed to trial without counsel. In such cases, the ultimate determination of waiver does not turn upon the existence of a present informed choice by the defendant to proceed pro se. Waiver under those circumstances is solely a function of the non-indigent defendant's own *prior exercise of diligence* in securing representation. Appellant certainly needed no warning of the danger of proceeding pro se. By his very invocation of the right to counsel at trial, appellant clearly understood and wished to avoid the danger of self-representation. However, in determining whether that choice was still available to appellant, the focus was on whether his failure to heed the trial court's *past warning* was itself an accomplished waiver of his right to counsel. "If [he] was not indigent, [his] failure to retain counsel constituted waiver." *Ward v. State*, supra at 65.

The consequences would be totally unacceptable if the requirement of *Clarke v. Zant*, supra, was extended and a warning of the

danger of proceeding pro se was required in cases wherein a non-indigent defendant appears for trial without representation and invokes his right to counsel. Assuming that the warning would be crucial to the issue of waiver and that a non-indigent defendant would therefore be entitled to make a choice after receiving such a warning, he could postpone his trial indefinitely. By failing to retain counsel and by then invoking the right to counsel after his case had been called for trial and he had received the requisite warning of the danger of proceeding pro se, the non-indigent defendant could manipulate the courts at will by simply "refusing" to waive his right. Assuming, on the other hand, that a non-indigent defendant would be entitled to receive but not to act upon such a warning and that he could still be required to stand trial pro se based upon his lack of diligence, the warning would be superfluous and irrelevant. He would certainly derive no benefit from a mere admonishment that his prior lack of diligence has now placed him in the admittedly dangerous position of defending himself.

There is, however, apparent authority for appellant's assertion that, under the circumstances, he was entitled to receive a warning of the danger of proceeding pro se. See *Brown v. State*, 161 Ga. App. 663 (289 SE2d 535) (1982). However, any reliance upon *Clarke v. Zant*, supra, as authority for the holding in *Brown v. State*, supra, is misplaced. It is clear from the language in *Clarke v. Zant*, supra at 197, that its holding applies *only* in the context of a waiver of the right to counsel by election of the countervailing right of self-representation. See also *Cochran v. State*, 253 Ga. 10 (315 SE2d 653) (1984). Moreover, as discussed above, there are no compelling reasons why the rationale of *Clarke v. Zant*, supra, should be extended to those cases wherein the issue of the waiver of the right to counsel arises other than by virtue of the election of self-representation. In addition, the holding in *Brown* is inconsistent with our Supreme Court's own post-*Clarke v. Zant* pronouncements that it is upon a non-indigent defendant's own diligence in retaining counsel that the issue of the waiver of his right to counsel must ultimately be resolved. *Ward v. State*, supra; *Shaw v. State*, supra. Accordingly, *Brown v. State*, supra, is overruled to the extent that it purports to establish a requirement that a non-indigent defendant who has invoked his right to counsel but who has otherwise waived that right by failing to exercise the requisite diligence must be given a warning of the dangers of self-representation before he can be required to undertake a pro se defense.

It was, therefore, not error in this case to hold that appellant's right to counsel had been waived and to deny a continuance until counsel could be retained. Nor was it error to fail to appoint counsel to represent appellant. See *Scott v. State*, 151 Ga. App. 840, 841 (2)

(262 SE2d 198) (1979).

2. After a careful review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of the three crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Remaining enumerations of error have not been preserved for appellate review.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Sognier and Benham, JJ., concur. Deen, P. J., Pope and Beasley, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in the judgment but cannot agree with all that is contained in the opinion.

I would not overrule *Brown v. State*, 161 Ga. App. 663 (289 SE2d 535) (1982).

*Brown* is distinguishable. There was nothing in the opinion to indicate that defendant was warned at any time of the dangers of proceeding without trial or knew of them. Thus there was no assurance that, when he was told he did not qualify for publicly-paid counsel, his decision whether to hire counsel or represent himself should be guided by the dangers of proceeding *pro se.*

Here it is abundantly clear from the record that defendant knew the danger of representing himself and kept insisting at the outset of the trial that the court still allow him to seek employed counsel even though the court had already given months and months for him to do so. Any error, then, in not advising him at the time he was found not indigent, when his choice became one of hiring an attorney or representing himself, would be harmless. This is because he demonstrated his knowledge of the danger of representing himself, which role was not affirmatively chosen but was cast upon him by his own default, occasioned when he completely ignored the court's early admonition to settle the question of representation promptly.

Of course, I agree with the majority that the warning need not be given *at trial* if it has already been given or is understood. It would be merely perfunctory.

As I read *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981), *Cochran v. State*, 253 Ga. 10 (315 SE2d 653) (1984), and the United States Supreme Court authority governing these decisions, there must be assurance that a criminal defendant who chooses to represent himself knows of "the dangers and disadvantages of self-representation," whether the defendant is indigent or not. The choice must be made by the non-indigent just as it must be made by the indigent. The consequences of opting for self-representation are identical. I would fol-

low *Horton v. State*, 161 Ga. App. 664 (2) (289 SE2d 788) (1982) and *Glaze v. State*, 172 Ga. App. 802 (325 SE2d 172) (1984) in this regard.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this opinion.

### On Motion for Rehearing.

Appellant urges that the transcript of the pre-trial hearing that was conducted during the October 1982 Term of the superior court should not be considered as part of the record on appeal because of the absence of the court reporter's certificate as to correctness of the transcript of that hearing.

The absence of the court reporter's certificate does not preclude consideration of the transcript on appeal. "The defect was amendable. Appellant makes no assertion of any error or incorrectness in the transcript. Either party might have objected to the filing of the uncertified transcript and, if necessary, could have moved for a hearing to get a certified transcript filed or have errors corrected if they appeared. [Cits.] But, by having failed to do so, he waived the objection." *Harper v. Green*, 113 Ga. App. 557, 559 (2) (149 SE2d 163) (1966).

*Motion for rehearing denied.*

Decided March 18, 1987 —
Rehearing denied April 3, 1987 —

*Charles A. Mathis, Jr., D. James Jordan*, for appellant.
*Dennis C. Sanders, District Attorney, Howard W. Wallace III, Margaret E. McCann, Assistant District Attorneys*, for appellee.