**Lazara ORDAZ–MACHADO, Petitioner,**

v.

**Perry RIVKIND, District Director for INS, Miami, Defendant.**

**No. 87–6406–CIV.**

United States District Court,
S.D. Florida, N.D.

Sept. 21, 1987.

Lazara Ordaz-Machado, pro se.

Brian O'Leary, Asst. U.S. Atty., Miami, Fla., for defendant.

## FINAL ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Petition for Writ of Habeas Corpus of petitioner Lazara Ordaz-Machado. Petitioner is a native and citizen of Cuba who entered the United States by boat at or near Key West, Florida. The petitioner was paroled into the United States pursuant to § 212(d)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A).

On December 21, 1983, an information was filed against petitioner in Broward County, Florida, for possession of 45 pounds of cannabis. Petitioner was convicted and sentenced to a term of 21 months of incarceration. On July 3, 1986, the Immigration and Naturalization Service (INS) lodged an immigration detainer with the Department of Corrections. On July 9, 1986, the INS revoked the parole previously granted to petitioner. On that same date, petitioner was served with notice of the revocation and taken into custody.

Petitioner has moved for a Writ of Habeas Corpus, claiming that her parole was improperly revoked. As support, petitioner contends that the conviction upon which her parole was revoked was obtained in violation of the United States Constitution. Additionally, petitioner challenges her continued detention.

*Collateral Attack of the Underlying Conviction*

Petitioner claims that her guilty plea and conviction for possession of cannabis were unconstitutional. Petitioner alleges that she received ineffective assistance of counsel because her attorney did not advise her of the consequences a guilty plea and conviction would have on her status as an alien. Consequently, petitioner argues that her guilty plea was made involuntarily and unintelligently.

■ Petitioner may not attempt to collaterally attack her state criminal conviction in a federal habeas corpus proceeding without having first exhausted her state remedies. 28 U.S.C. § 2254; *Georgalis v. Dixon,* 776 F.2d 261 (11th Cir.1985). Since there is no evidence that petitioner attempted any relief in state court, this court cannot entertain petitioner's collateral attack of her sentence.

■ It is well-established that post-conviction motions do not negate the finality of a conviction for deportation purposes. *Zinnanti v. INS,* 651 F.2d 420 (5th Cir. 1981); *Hernandez-Almanza v. United States Dept. of Justice, INS,* 547 F.2d 100, 103 (9th Cir.1976); *Aguilera-Enriquez v. INS,* 516 F.2d 565, 570–71 (6th Cir.1975) *cert. denied,* 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). A conviction is a valid basis for deportation unless and until it is overturned by a post conviction motion. *Aguilera-Enriquez,* 516 F.2d at 571. The Immigration Service need not assess petitioner's likelihood of prevailing on her post-conviction motion. *Id.* In fact, "[i]mmigration authorities must look solely to the judicial record of final conviction and not make their own independent assessment of the validity of [the petitioner's] guilty plea." *Zinnanti,* 651 F.2d at 421. Since petitioner has not even filed for post-conviction relief, her conviction cannot be overturned by this court.

*Challenge to Continued Detention*

Petitioner seeks an order reinstating her parole status. As the following discussion will show, this court is unable to grant petitioner the relief she seeks.

The power of the government to control the admission of foreigners is undisputed. "Although the Constitution contains no direct mandate relating to immigration matters, the Supreme Court has long recognized that the political branches of the federal government have plenary authority to establish and implement substantive and procedural rules governing the admission of aliens to this country." *Jean v. Nelson,* 727 F.2d 957, 964 (11th Cir.1984) *aff'd on nonconstitutional grounds,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985).

Procedures for determining the admissibility of aliens are found in the Immigration and Nationality Act, 8 U.S.C. §§ 1221 *et seq.* and regulations promulgated thereunder. Sections 1225(b) and 1226(a) provide that any alien who may not appear entitled to land shall be detained for further inquiry. Petitioner did not possess proper entry documents when she landed in the United States. Accordingly, she was deemed an excludable alien as defined in 8 U.S.C. § 1182(a)(20).

Despite being classified as an excludable alien, petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). Parole is an exception to the detention requirement and is "granted only occasionally, in the case of rare and exigent circumstances, and only when it would plainly serve the public interest." *Amanullah v. Nelson,* 811 F.2d 1, 6 (1st Cir.1987); *Jean,* 727 F.2d at 972. Parole may be revoked when, in the opinion of the Attorney General, the purposes of the parole have been served. 8 U.S.C. § 1182(d)(5)(A). Revocation of parole is also allowed "when in the opinion of the district director in charge of the area in which the alien is located neither emergency nor public interest warrants the continued presence of the alien in the United States...." 8 C.F.R. § 212.5(d)(2).

Petitioner's parole was revoked following conviction for possession of cannabis. The district director had determined that continued parole was against the public interest. Petitioner now challenges the revocation of her parole and continued detention.

■ At the outset, it must be noted that petitioner's parole does not change her legal status as an excludable alien. *Fernandez-Roque v. Smith,* 734 F.2d 576, 579 (11th Cir.1984). Despite her "entry" into the United States on parole, petitioner is still classified as an excluded alien and is subject to deportation. *See id., citing Leng May Ma v. Barber,* 357 U.S. 185, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958). Since petitioner's legal status is not altered by detention or parole, she "can claim no greater rights or privileges under our laws than any other [alien] who ha[s] been stopped at the border." *Jean,* 727 F.2d at 969.

■ "[A]n alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign perogative." *Amanullah,* 811 F.2d at 8 *quoting Landon v. Plasencia,* 459 U.S. 21, 32, 103 S.Ct. 321, 329, 74 L.Ed.2d 21 (1982). Consequently, excludable aliens cannot challenge either admission decisions or parole decisions under a claim of constitutional right. *Jean,* 727 F.2d at 972. The alien "must be content to accept whatever statutory rights and privileges have been granted by Congress." *Id.* at 968.

■ As discussed above, under the Immigration and Nationality Act, the Attorney General has broad discretionary powers regarding parole decisions. *See id.* at 965–66; 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(d)(2). In reviewing a decision concerning parole, this court may only determine whether the Attorney General has advanced a facially legitimate and bona fide reason for his decision. *Perez-Perez v. Hanberry,* 781 F.2d 1477, 1482 (11th Cir. 1986). In the present case, the Attorney General revoked petitioner's parole because she was convicted of a narcotics offense. The Attorney General reasoned that her continued parole was against the public interest. This court cannot disturb such a finding.

■ Petitioner next argues that her continued detention violates the law. Petitioner has been in custody pending exclusion proceedings since July 1986. To date, no exclusion or deportation order has been entered. Petitioner argues that she is serving what is essentially a life sentence. Although the court is sympathetic to petitioner's plight, the case of *Shaughnessy v. United States ex rel. Meizi,* 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953) is controlling.

Ignatz Mezei was refused entry into the United States. No other country agreed to accept him. He had been confined on Ellis Island for twenty-one months when he petitioned for a writ of habeas corpus. The Court held that Mezei's continued detention did not violate any statutory or constitutional right. The Eleventh Circuit has held that *Mezei*'s holding also applies to the rights of detained excluded aliens seeking parole. *Fernandez-Roque,* 734 F.2d at 582. Under the *Mezei* case, petitioner does not state a constitutional violation.

■ Furthermore, petitioner's continued confinement does not violate any statutory or regulatory laws. Title 8, Code of Federal Regulations, section 212.5(d)(2) states:

If the *exclusion order* cannot be executed by deportation within a reasonable time, the alien shall again be released on parole unless in the opinion of the district director the public interest requires that the alien be continued in custody.

8 C.F.R. § 212.5(d)(2) (emphasis added).

In this instant case, no final order of exclusion has been entered against petitioner. Once a final order is entered, petitioner has a right to be deported within a reasonable time or be released again on parole.

In light of the foregoing discussion, the court cannot find that petitioner is being held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus of petitioner Lazara Ordaz-Machado be and the same is DENIED.