IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31477
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER LEE JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2262
USDC No. 99-CR-50082-7
--------------------
April 17, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Walter Lee Johnson, a federal prisoner (# 10373-035), moves this court for a certificate of appealability ("COA") to appeal the district court's summary dismissal of his 28 U.S.C. § 2255 motion. He argues that the district court erred in dismissing his claim, that his trial counsel had a conflict of interest rendering counsel's representation ineffective, without providing findings and conclusions for the dismissal or conducting an

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary hearing.  He also contends that the district court erred in summarily dismissing his claim that his appellate counsel was ineffective in failing to raise on appeal the claim of ineffective assistance of trial counsel.  Johnson does not address on COA the issue of the district court's dismissal of his remaining 28 U.S.C. § 2255 claims.  Therefore, these issues are waived.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

To obtain a COA, Johnson must demonstrate that jurists of reason would find it debatable whether the district court was correct in summarily dismissing his 28 U.S.C. § 2255 motion.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  A COA is GRANTED on the issue whether the district court's summary dismissal was correct of Johnson's claim that his trial counsel had a conflict of interest.  See Hart v. United States, 565 F.2d 360, 362 (5th Cir. 1978) (findings and conclusions in 28 U.S.C. § 2255 denial are "plainly indispensable" to appellate review); Myers v. Gulf Oil Co., 731 F.2d 281, 284 (5th Cir. 1984) (when there is no apparent reason for the district court's decision, this court has not "hesitated to remand the case for an illumination of the district court's analysis through some formal or informal statement of reasons").  COA is DENIED as to all remaining issues.

The denial of habeas relief is VACATED as to the issue whether trial counsel had a conflict of interest which rendered

his performance ineffective, the case is REMANDED, and the district court is instructed to state reasons for the denial of habeas relief as to this issue and to conduct an evidentiary hearing regarding this issue if the district court deems a hearing appropriate.  See Dickinson v. Wainwright, 626 F.2d 1184, 1185 (5th Cir. Unit B Sept. 1980) (granting CPC and vacating and remanding without further briefing); Burton v. Oliver, 599 F.2d 49, 50 & n.3 (5th Cir. 1979) (same).

> COA GRANTED ON ISSUE WHETHER JOHNSON'S TRIAL COUNSEL WAS INEFFECTIVE BECAUSE COUNSEL HAD A CONFLICT OF INTEREST; COA DENIED ON REMAINING ISSUES; VACATED AND REMANDED FOR FURTHER PROCEEDINGS.