## 51736. WALLIS v. THE STATE.

SUBMITTED JANUARY 15, 1976 — DECIDED JANUARY 30, 1976.

*King, Phipps & Associates, C. B. King, Herbert E. Phipps, Carl A. Bryant,* for appellant.
*Walter S. Chew, Jr., Solicitor,* for appellee.

DEEN, Presiding Judge.
Code § 81-1413 provides for a continuance in case of the absence of counsel for providential cause if the unrepresented party will swear that he cannot safely go to trial without the services of his absent counsel, that he expects his services at the next term and that the application is not made for delay only. There is language in older cases to the effect that mere absence of an attorney without the consent of the client, is not a sufficient ground for a continuance. *Allen v. State,* 10 Ga. 85 (1); *Long v. State,* 38 Ga. 491 (4); *Giles v. State,* 66 Ga. 344 (1). It goes without saying that these cases were decided long before the United States Supreme Court began to examine and broaden the interpretation of the Sixth Amendment's right to counsel, as represented by the opinions, inter alia, of Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE2d 158); Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799); Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530). Yet even before this "revolution" in the interpretation of the federal Sixth Amendment, our own Supreme Court began to back away from the rigid rule that mere unexcused absence of counsel is not a ground for continuance. In *Delk v. State,* 100 Ga. 61 (1) (27 SE 152) it was held: "The provision in the [Georgia] 'bill of rights' declaring that 'every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel' confers upon every person indicted for crime a most valuable and

important constitutional right, and entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses reasonable diligence to obtain his services. No person meeting these requirements should be deprived of his right to be represented by counsel chosen by himself, or forced to trial with the assistance only of counsel appointed for him by the court." The Supreme Court there reversed denial of a continuance where the defendant's retained counsel was absent without excuse though in the good faith belief that case would not be reached when in fact it was. "We recognize the difficulties which the State may encounter in assembling witnesses on numerous occasions, only to have trial of a case postponed to a later date, and we also recognize the commendable desire of the trial court to expedite the final disposition of a criminal case, but the constitutional mandate of this State is clear, as interpreted by the Supreme Court . . . that every defendant charged with a crime in this State is entitled to be defended by counsel of his own selection whenever he is able and willing to employ one, and uses reasonable diligence to obtain his services, and that where this appears he should not be deprived of representation by the counsel which he chose, or forced to trial with the assistance of counsel appointed by the court." *Long v. State,* 119 Ga. App. 82, 84 (166 SE2d 365). "We need not determine whether the defendant received adequate and effective representation by this attorney, or whether the absence of chosen counsel is excusable, for it is clear that the *defendant was denied the right of representation by counsel of his own choice for reasons beyond his control,* and that the trial court erred in refusing to delay the trial at least sufficiently to determine whether it could be held with representation by selected counsel and without undue delay." Id. p. 85. (Emphasis supplied.)

We believe that the *Long* decision represents the true rule as to when a continuance may or may not be denied when retained counsel is absent without excuse when the trial is called. In such a situation there must be a determination of whether the absence is the result of reasons beyond the control of the defendant. Thus if the defendant were negligent in failing to promptly employ

counsel, a continuance may be denied within the trial judge's discretion. *McLendon v. State,* 123 Ga. App. 290 (2a) (180 SE2d 567). Likewise if the defendant is using the right to continue his trial for purposes of delay. *Willingham v. State,* 134 Ga. App. 144 (213 SE2d 516). But where the defendant has retained counsel who does not appear when the case is called and the defendant is free from fault in the absence, it is an abuse of the trial judge's discretion to refuse a motion for continuance. The record here reveals that the defendant had retained counsel whom he wished to represent him at trial, that such retained counsel was absent through no fault of the defendant's and that the defendant had tried unsuccessfully to locate his counsel by telephone; furthermore the trial court refused to delay the trial even so long as to determine whether it could be held with representation by selected counsel and without undue delay. This was harmful error, resulting in a denial of the defendant's constitutional right to benefit of counsel, and a reversal is not only required but demanded. *Long v. State,* 119 Ga. App. 82, supra.

It is true that a strict compliance with Code § 81-1413 is required to justify a continuance. *McLendon v. State,* 123 Ga. App. 290 (2d), supra. The record reveals however that the trial judge did not even allow the defendant, who was thrown on the tender mercies of the state solicitor who tried to frame the motion, to perfect his request for continuance. The trial judge merely noted that the defendant's retained counsel was not present, noted that "it's the fault of the defendant" (a proposition with which we disagree) and after hearing the solicitor's preliminary remarks for continuance ruled: "Your motion is overruled. We will go to trial." Upon such facts we are not prepared to hold that the defendant has made no sufficient showing of the need for a continuance. The judge at least should have heard the "motion" before overruling it.

We wish to reiterate that continuances due to the absence of counsel are not favored. Were we, however, to affirm this case not only would it result in denying the defendant an important constitutional right but it would also result in punishing the accused when the real culprit

might well be an attorney who has been grossly derelict in his obligation to the client who has retained his services and justly relies upon his competency to provide a defense to the criminal charges lodged against him. When the facts warrant it, appropriate action should be taken against negligent counsel but the blameless defendant should not be a "whipping boy" through whom punishment is administered. See People v. Bruinsma, 34 Mich. App. 167 (191 NW2d 108); People v. Matish, 384 Mich. 568 (184 NW2d 108); Arthur v. Superior Court, 62 Cal. 2d 404 (42 Cal. Rptr. 441, 398 P2d 777).

*Judgment reversed. Quillian and Webb, JJ., concur.*