## 60459. ROGERS v. THE STATE.

SOGNIER, Judge.

Appellant was found guilty of aggravated assault. He appeals the trial court's denial of his motion for new trial.

1. Appellant contends that the trial court erred in denying his motion for new trial because he did not make a knowledgeable waiver of his right to counsel at the trial of his case.

At the start of the trial, the district attorney called the case for trial at which time the appellant answered "Here." The trial court asked appellant if he was ready and appellant answered affirmatively. The trial court then stated: "You are going to represent yourself, is that correct?" Appellant answered, "Yes, sir." At the close of the trial, the trial court instructed appellant on his right to appeal the conviction. The following exchange took place: "THE COURT: I'm just telling you how to get it appealed, but the record has to be transcribed. If you don't have the funds to hire somebody to do this for you—; MR. ROGERS: I will have one tomorrow, you can bet your life on that; THE COURT: That's your prerogative, but I want to remind you, it was your choice to represent yourself. I want that clear. You never asked for counsel. You said you would represent yourself. Isn't that right? MR. ROGERS: I didn't think a man needed one, if he wasn't guilty to start with. THE COURT: I know, but isn't that correct? MR. ROGERS: Yes, sir."

A defendant in a criminal prosecution is entitled to the assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, Code Ann. §§ 1-806 and 1-815, as well as the Georgia Constitution, Art. I, Sec. I, Par.

XI (Code Ann. § 2-111). The record must disclose that the defendant voluntarily, knowingly and intelligently waived counsel and in doing so he must be advised of his right to counsel, if he cannot afford counsel, and the consequences of his refusal to accept counsel. *Blue v. State,* 144 Ga. App. 378, 379 (241 SE2d 36) (1977). In the instant case, there is nothing in the record to indicate that the trial court so advised appellant. The trial court merely ascertained that appellant was going to represent himself; it did not ascertain that appellant was aware of his right to counsel. Thus, we do not believe there has been an intelligent and knowing waiver here.

The presumption is against waiver, and it is the responsibility of the court, when the accused is without counsel, to clearly determine whether there has been a proper waiver. Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461, 146 ALR 357) (1937). " '[The trial] judge must investigate as long and as thoroughly as the circumstances of the case before him demand . . . To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.' " *Campbell v. State,* 128 Ga. App. 74, 76 (195 SE2d 664) (1973); *Blue v. State,* supra.

The state argues that appellant knowingly and intelligently chose to represent himself and had a right to represent himself according to Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). We recognize that a defendant must not be coerced into accepting counsel not of his own choosing and that he may proceed to defend himself without counsel. *Gould v. State,* 138 Ga. App. 159 (225 SE2d 916) (1976). It is clear, however, that should a defendant choose to represent himself, he must have had an opportunity to voluntarily, knowingly, and intelligently waive his right to counsel. See *Taylor v. Ricketts,* 239 Ga. 501 (238 SE2d 52) (1977).

After a careful review of the record, we must conclude that the trial court failed to properly advise or explain appellant's right to counsel. There was no knowing and intelligent waiver here and appellant's motion for new trial should have been granted.

2. Because of our decision in Division 1, it is unnecessary to discuss appellant's additional enumerations of error.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

468

*Charles Brown, Larry Fowler,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.