## 66475. ROGERS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for the sale of marijuana. *Held:*

The only issue to be decided on appeal is whether the trial court erred in denying a motion for continuance made on the grounds of illness of defense counsel.

On the day before trial, defense counsel brought to the court's attention that he was not feeling well. He saw a physician on that day. The following day at the commencement of the trial defense counsel presented to the court a notarized letter from the physician stating that he had been seen "due to an upper respiratory infection and allergy, toxemia and secondary diarrhea. He is currently under treatment, and we hope he will be able to attend court in ap-

proximately three to four days. His condition will cause him to be less effective in court." A request for a continuance based upon this letter was denied, with the court stating that the district attorney had talked with the physician the preceding day and was informed that counsel was "able to be present in court; that (he) might be less effective . . . but I don't think that the letter is sufficient to grant a continuance on that basis."

Thereafter, defense counsel made no further request for continuance because of illness, made no complaint during the two-day trial that he was unable to proceed due to illness, and defended the case in an effective manner.

The request for continuance did not comply with the requirements of OCGA § 17-8-24 (Code Ann. § 81-1413), which provides that "illness . . . of counsel . . . shall be a sufficient ground for continuance, provided that the party making application will swear that he cannot go safely to trial without the services of . . . counsel, that he expects his services at the next term, and that the application is not made for delay only." Strict compliance with this statute is required to justify a continuance. *Wallis v. State,* 137 Ga. App. 457 (224 SE2d 91).

Moreover, "[a] motion for continuance (based on illness of counsel) is addressed to the sound discretion of the trial court and the refusal to grant a continuance will not be disturbed unless there is a clear abuse of discretion." *Young v. State,* 237 Ga. 852, 855 (230 SE2d 287). Accord, *Scott v. State,* 151 Ga. App. 840 (1) (262 SE2d 198).

We find no abuse of discretion in this case.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 6, 1983.

*Richard L. Powell,* for appellant.
*William A. Foster III, District Attorney,* for appellee.