A90A0923. CALLAWAY v. THE STATE.
(398 SE2d 856)

McMURRAY, Presiding Judge.

Defendant Callaway appeals his conviction of two counts of child molestation. The sole enumeration of error contends that proceeding to trial with defendant unassisted by counsel without establishing that defendant had made a voluntary and knowing waiver of his right

to counsel was error. *Held*:

On August 29, 1989, the trial court determined defendant to be indigent and counsel was appointed to represent him, but this order was rescinded by a further order entered September 5, 1989, which recited that "defendant is not eligible for the appointment of counsel . . . ." At trial on September 19, 1989, the following colloquy occurred: "THE COURT: Is the State ready? MR. ARCHER: State's ready, Your Honor. THE COURT: Mr. Callaway, are you ready? MR. CALLAWAY: I've got a lawyer coming but he's in Hinesville today. THE COURT: I see. Well, it's too late for that. You should have had one a long time ago. I remember back in August I warned you of the dangers of proceeding without an attorney and I told you that you needed to get an attorney. MR. CALLAWAY: I know. But Raymond wouldn't tell me nothing. THE COURT: Sir? MR. CALLAWAY: Raymond wouldn't tell me nothing when I went over there to see him that Wednesday. THE COURT: Well, we're gonna have to go on with the trial because we've already got the jury selected and all, and you've had plenty of time to get a lawyer."

The trial was completed with the defendant at all times representing himself.

" 'A person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer. Gideon v. Wainwright, 372 U. S. 335. This right attaches at the pleading stage of the criminal process, Rice v. Olson, 324 U. S. 786, and may be waived only by voluntary and knowing action. Johnson v. Zerbst, 304 U. S. 458; Carnley v. Cochran, 369 U. S. 506. Waiver will not be "lightly presumed," and a trial judge must "indulge every reasonable presumption against waiver." Johnson, supra, at 464.' Boyd v. Dutton, 405 U. S. 1 (92 SC 759, 30 LE2d 755)." *Robertson v. State*, 162 Ga. App. 873, 874 (293 SE2d 477).

In the case sub judice, the trial court apparently determined in its order entered September 5, 1989, that defendant was not indigent so as to be entitled to appointed counsel. "For a non-indigent defendant, such as appellant, the constitutional right to counsel only ' "entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services." ' (Emphasis in original.) *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983). . . .

"Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. [Cits.] Thus, when presented with a non-indigent defendant who has appeared for trial without retained counsel, 'the trial judge (has) a duty to delay the proceedings long enough to ascertain whether (the defendant has) acted with reasonable diligence in obtaining (an attorney's) services

and whether (the) absence (of an attorney is) attributable to reasons beyond (the defendant's) control.' *Shaw v. State,* supra at 112." *Burnett v. State,* 182 Ga. App. 539 (1), 540 (356 SE2d 231).

In the case sub judice, the record fails to disclose that the trial court made such an inquiry and the record lacks any evidence as to whether defendant exercised "reasonable diligence" in procuring counsel. Under these circumstances, the trial court abused its discretion when it forced defendant to proceed to trial without the assistance of counsel. *Shaw v. State,* 251 Ga. 109, supra. Compare *Burnett v. State,* 182 Ga. App. 539, 541, supra.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

Decided November 16, 1990.

*Jon Gary Branan,* for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney,* for appellee.