A90A2202, A90A2203. WOOD v. THE STATE (two cases).
(404 SE2d 589)

COOPER, Judge.

Appellant was convicted by a jury in the City Court of Atlanta of speeding. Case No. A90A2202 purports to be an appeal from an interlocutory order denying appellant's request for appointment of counsel. However, appellant failed to obtain a certificate of immediate review from the court below pursuant to OCGA § 5-6-34 (b); therefore, the appeal in Case No. A90A2202 is dismissed for lack of jurisdiction. *In the Interest of J. B.*, 191 Ga. App. 797, 798 (383 SE2d 184) (1989). In Case No. A90A2203, appellant appeals his conviction enumerating as error the trial court's refusal to appoint counsel and lack of jurisdiction. Both appeals were filed pro se and were transferred to this court by the Georgia Supreme Court.

1. Appellant contends that the trial court erred in allowing the case to proceed after he asserted his desire for appointed counsel. In his brief, appellant charges that in two court appearances in 1989, the trial court failed to make a proper inquiry into his eligibility for court-appointed counsel and that any waiver of counsel was the result of coercion and duress. The record does not contain a transcript of either of the 1989 proceedings, and " ' "[w]e will not presume error from a silent record. The defendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. (Cit.)" (Cit.)' " *Blane v. State*, 195 Ga. App. 504, 505 (2) (393 SE2d 759) (1990).

The record on appeal does contain a transcript of appellant's trial on May 1, 1990, before a different judge wherein appellant continued to assert his desire for appointment of counsel "of his choice." Review of the transcript shows that before the trial began appellant objected to the court's jurisdiction over the case by virtue of the pending interlocutory appeal, and appellant contended that he was

coerced into a jury trial by the previous judge. The case was before the court on a jury trial calendar; jurors were impaneled, and the trial court attempted to determine if appellant wanted a jury trial. Appellant was asked seven times whether he wanted a jury trial. His responses were generally non-responsive as he expressed the need for appointed counsel and replied to direct questions requiring a yes or no answer, "I will accept a jury trial." Finally, the trial court concluded that it could not get a response from appellant and ordered the case to proceed before the jury. Appellant refused to sign the accusation or state his plea of not guilty on the basis of lack of counsel, and when asked if he had sought counsel during the months in which the case was pending, he finally admitted not seeking counsel after several evasive responses. The court then attempted to determine whether appellant was financially eligible for appointed counsel and asked appellant six times whether or not he was employed. Appellant's responses were again non-responsive and evasive. Appellant stated that he worked at one point for a trucking company, but he could not remember what his duties were nor could he remember what his salary was. The court then stated for the record that he determined that appellant refused to answer the question regarding his former salary and addressed the jurors, explaining that appellant entered a plea of not guilty which the court was confident appellant fully understood.

" 'Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel or in the alternative, to represent themselves. However, it is only indigent defendants for whom the trial court must appoint counsel. For a non-indigent defendant . . . the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services. (Emphasis in original.) [Cit.]' " *Smith v. State*, 194 Ga. App. 310 (392 SE2d 288) (1990). "Whether a particular defendant has exercised 'reasonable diligence' in procuring counsel is a factual question, and the grant or denial of a request for a continuance on grounds of absence of retained counsel is a decision within the sound discretion of the trial judge, reversible only for an abuse of that discretion." *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983). The record shows that appellant would not cooperate with the trial court's attempt to ascertain whether appellant was eligible for appointed counsel, and as a result, appellant was not deemed eligible. Although there was no express election that appellant chose to proceed pro se, " 'his own past actions . . . nevertheless demonstrate that the right [to counsel was] waived. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. (Cits.) Thus,

when presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control. [Cit.]' [Cit.]" *Smith,* supra at 811. Appellant argues that he was entitled to a stay in the proceedings during pendency of the appeal, and that position could justify his failure to retain counsel at trial; however, appellant asked the court several times "to allow conformation into the Supreme Court of Georgia to make a ruling on the counsel issue." These statements indicate knowledge on appellant's part that some action was required of the court (i.e., a certificate of immediate review) before his appeal could proceed, which he had not obtained. In addition, even though the cases were filed in the wrong court, appellant's conduct at trial and his appellate briefs reveal that appellant has more than a mere familiarity with the law. This knowledge is relevant to the question of whether appellant was reasonable in relying on the pendency of the appeal and in failing to retain counsel. The trial court resolved the factual questions against appellant, and based upon our review of the testimony and appellant's utter recalcitrance, we find that the court did not abuse its discretion in proceeding to trial with appellant unrepresented by appointed or retained counsel.

2. Appellant next contends that the trial court lacked jurisdiction based upon the pendency of his interlocutory appeal. " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.' [Cit.]" *Hester v. State,* 242 Ga. 173, 175 (249 SE2d 547) (1978). Inasmuch as appellant failed to obtain a certificate of immediate review, the appellate courts did not obtain jurisdiction of his appeal and the trial court did not lose jurisdiction.

*Appeal dismissed in Case No. A90A2202. Judgment affirmed in Case No. A90A2203. Banke, P. J., and Birdsong, P. J., concur.*

Decided February 25, 1991 —
Rehearing denied March 25, 1991 —

Melvin Wood, *pro se.*
*Louise T. Hornsby, Solicitor,* for appellee.