## A93A2093. HASTY v. THE STATE.
(437 SE2d 638)

JOHNSON, Judge.

William Hasty was indicted on three counts of aggravated assault, kidnapping with bodily injury, speeding, eluding an officer and

theft of a motor vehicle. The court appointed an attorney to represent Hasty. The case came on for trial in May 1991. After a jury had been selected, but not yet sworn, Hasty informed the court that he wanted to hire a different attorney because his appointed attorney had been unable to work out an acceptable plea bargain with the district attorney. Hasty did not express dissatisfaction with any other aspect of his attorney's performance. The court agreed to continue the case to allow Hasty to retain his own counsel on the condition that he waive his speedy trial demand. Hasty agreed, and the judge stated, "[w]e are going ahead and give you an opportunity to hire a lawyer; you will have to have one by July and if you don't have one by July, you will have to represent yourself then." When the case was called for trial in July, Hasty appeared in court without a lawyer. The judge arranged for an attorney to sit with and advise Hasty throughout the trial. Hasty was found guilty of all the charges and sentenced to life in prison on the kidnapping with bodily injury count in accordance with OCGA § 16-5-40 (b), sentences on the other offenses to be served concurrently.

Hasty was granted an out-of-time appeal and counsel was appointed to pursue the appeal on his behalf after applying for a writ of habeas corpus in which Hasty alleged that he had been denied the right to a direct appeal.

1. Hasty argues that he was denied effective assistance of counsel in that he was effectively required to represent himself at trial in violation of Art. I, Sec. I, Par. XIV of the Georgia Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.

In *Burnett v. State*, 182 Ga. App. 539 (356 SE2d 231) (1987), appointed counsel withdrew from representation. At a pre-trial hearing in October, Burnett appeared without an attorney and informed the court that he would retain counsel prior to his trial, scheduled to be held the following January. The judge specifically advised Burnett that failure to secure counsel would not warrant a continuance. When the case was called for trial in January, Burnett had not secured counsel and the trial court required him to represent himself. Prior to the trial, the court "delayed the proceedings long enough to ascertain whether appellant had acted with reasonable diligence in securing representation and whether the absence of counsel was attributable to reasons beyond appellant's control." Id. at 541. After having made the inquiry, the court determined that the lack of representation was attributable to appellant's lack of diligence in retaining counsel. This inquiry satisfied a test which the Georgia Supreme Court established in *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983), for nonindigent defendants; i.e., the constitutional right to counsel only " 'entitles him to be defended by counsel of his own selection whenever he

is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services.' " (Emphasis in original.) In two recent cases, *Callaway v. State*, 197 Ga. App. 606, 607-608 (398 SE2d 856) (1990) and *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992), this court has held that when a non-indigent defendant appears for trial without retained counsel, a trial judge has an affirmative duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in securing the services of an attorney.

*Mock v. State*, 163 Ga. App. 320 (293 SE2d 525) (1982), discussed in both appellant's and appellee's briefs in this case is factually similar to our case, but differs in one key aspect. As in our case, in *Mock*, the appellant dismissed appointed counsel after the jury had been selected because his attorney had failed to negotiate an acceptable plea with the prosecutor. In *Mock*, the trial judge did not offer to continue the case, but warned Mock of the possible consequences of proceeding without counsel and urged him to allow his appointed counsel to represent him. Mock refused and the trial began immediately thereafter. This court noted in *Mock* that "[i]ntelligent waiver and foolishness are not mutually exclusive. The appellant's constitutional right to adequate counsel was satisfied in this case but he threw it away. . . . We do not question that a defendant has the right to counsel, but he had it in this case and voluntarily gave it up. His right to counsel is not superior to the state's right to try him for the criminal offense and does not include the right to manipulate, whether consciously or capriciously, the state's attempt in good course to prosecute him for the offense." Id. at 321-322. In *Mock*, however, the appellant never represented to the court that he wanted to retain his own counsel. He never altered his status to that of a non-indigent defendant, and therefore it was unnecessary for the trial court to make an inquiry regarding diligence in obtaining counsel.

In the present case, the trial judge had already continued the trial, over the objection of the prosecution, in order to accommodate Hasty's request to obtain different counsel. Hasty had been told when the case would be tried and warned of the dangers of proceeding without counsel. However, because the record fails to reveal that any inquiry was made upon which the trial court could have concluded that Hasty's lack of representation was attributable to his own lack of diligence in retaining counsel, we must remand the case to the trial court for a hearing to determine why Hasty appeared at trial without counsel after having been warned that he would have to proceed to trial if he appeared without representation. See *Kirkland v. State*, 202 Ga. App. 356 (414 SE2d 502) (1991). If it appears that Hasty was unable to obtain counsel despite diligent efforts, then a new trial is warranted. If, on the other hand, after this hearing, the court deter-

mines that Hasty's failure to obtain counsel was attributable to his own lack of diligence, then no new trial is demanded. After this hearing and the entry of an order reflecting the judge's findings, Hasty is free to pursue whatever further remedies may be available to him, including the right to appeal directly from the judge's order on this issue.

Hasty also now argues that appointed counsel was ineffective. Hasty made no such assertion below, articulating no reason for discharging his attorney other than his dissatisfaction with the plea negotiations. We recognize that a claim of ineffective assistance of trial counsel may be raised for the first time on appeal necessitating a remand on that issue. However, Hasty was granted the relief he requested, to be allowed to discharge appointed counsel and hire his own. Furthermore, this assertion goes beyond the scope of the enumeration of error as presented to us for review, i.e., whether Hasty was denied effective assistance of counsel *at trial*. "On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration." (Citations and punctuation omitted.) *Kennedy v. State*, 205 Ga. App. 152, 154 (2) (421 SE2d 560) (1992).

2. The trial court did not err in entering a life sentence without conducting a pre-sentence hearing and without permitting Hasty to present evidence. The only sentences authorized by statute upon a conviction of kidnapping with bodily injury are life imprisonment or death. OCGA § 16-5-40 (b). The State did not seek the death penalty in this case. The trial court had no alternative, therefore, but to impose a life sentence and was not required to conduct a pre-sentence investigation or to hear evidence from Hasty prior to doing so. "The law will not require unnecessary procedure of the trial court. . . . There is no necessity to conduct a pre-sentence hearing on the issue of punishment as the trial court possesses no discretion in such an instance." *Brown v. State*, 246 Ga. 251, 253 (6) (271 SE2d 163) (1980).

*Case remanded. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 1, 1993.

*Steven M. Reilly*, for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for appellee.