## A94A1101. HASTY v. THE STATE.
(450 SE2d 278)

BEASLEY, Presiding Judge.

The questions on appeal are whether the trial court erred in finding that defendant Hasty appeared at trial without counsel due to lack of diligence and, if so, whether the court erred in denying a new trial. Hasty's direct appeal was remanded to the trial court to determine why Hasty appeared without counsel, after having been warned that he would have to proceed by himself if he appeared without representation. *Hasty v. State*, 210 Ga. App. 722, 723 (1) (437 SE2d 638) (1993). Hasty was represented at the hearing on remand by the same court-appointed counsel who represented him on the first appeal and continues to represent him on this appeal. He was appointed when an out-of-time appeal was granted after a habeas corpus petition was brought.

Hasty first appeared for trial on May 21, 1991, with counsel Strickland, who had been appointed to represent him because of his indigency. The charges were kidnapping with bodily injury (OCGA § 16-5-40), three counts of aggravated assault (OCGA § 16-5-21 (a)), theft by taking motor vehicle (OCGA § 16-8-2), speeding (OCGA § 40-6-181), and attempting to elude a police officer (OCGA § 40-6-395 (a)). The State did not seek the death penalty for the kidnapping, so the punishment if defendant was convicted would be life imprisonment. OCGA § 16-5-40.

After the jury was selected, defendant's counsel advised the court that defendant had indicated at the commencement of the proceedings that he wanted to discharge counsel and had written out his reasons, which were marked as an exhibit but are not in the record.

Hasty was asked to explain, and he related his dissatisfaction with efforts to reach a plea bargain.

The court advised Hasty that appointed counsel was well qualified to represent him, and there followed a discussion among the court, both counsel, and Hasty about the efforts to reach a plea bargain in this case and in a case which had been tried several months before and for which the same counsel had represented Hasty. At this time he was in custody under the sentence imposed after the earlier conviction. No plea arrangement could be reached on the current charges because the State insisted on retaining the kidnapping charge which carried an automatic life sentence.

The court advised Hasty that he would either have to be represented by Strickland or he would have to represent himself, which it said was a very difficult thing for a layperson to do. The court recommended against that alternative but said that if defendant insisted on it, he had a right to do so. Defendant did not indicate any desire to represent himself but asked for a delay to see if he could get retained counsel instead. After discussion about postponement and waiver of the demand for trial, and the court stating the options of proceeding with the trial that day with court-appointed Strickland's representation or defendant's self-representation, the court permitted the case to be reset in order for defendant to have an opportunity to employ counsel. The court cautioned that he would be tried in July, either with hired counsel or by himself. Although defendant was indigent, the court made no inquiry as to defendant's expected means or anticipated sources for the hiring of counsel to try this multi-charge, high-penalty case. Nor did the court explain the ramifications of self-representation or state that if counsel could not be employed, no new counsel would be appointed.

1. According to Hasty's unrebutted and unimpeached evidence at the hearing on remand, he took the following steps to obtain paid counsel in the interim two months before the case was tried. He was in prison and jail during this period and described his limited opportunity to make calls; only collect calls could be made from the correctional institutions in which he was incarcerated, and his calls to attorneys under this system met with refusal. When he was able to make free calls while in jail, either the attorneys were unavailable or he could not meet the fee. He had thought he could employ counsel for about $2,500 and could use his pension check of between $380-$440 to work this out; he had lost his house between the trial on the earlier charges and the first time this case was called in May, and he had no other assets at the time. He named a number of attorneys known to him whom he called, and he testified that he also tried others whose names he obtained from the phone book and from other inmates. He named the attorney in the expert's firm whom he had called and

could not provide the $10,000 retainer. He sought help from his sister and brother.

They also tried to hire counsel, naming some of the ones contacted without success, and visited one in particular, but they had insufficient funds to meet his $7,500 retainer. Others, some of whom were named, were not available. The brother, who testified, already had a personal loan and a car loan from the credit union. There was no other family except two aunts, and there was no indication that they had any resources which could be used for this purpose.

A local attorney gave expert testimony that a case of this nature would require a fee of about $10,000 - $15,000 and that no competent attorney would take it for less than $7,500. He confirmed that defendant had contacted his firm.

Hasty testified that when he was brought to court on July 10, he told the court that he did not have an attorney, could not afford one, and wanted one.

The trial proceeded on July 17 with Hasty representing himself. The court asked an attorney to sit with defendant during the trial, but he was not appointed to represent defendant, who was convicted of all charges. His sentences included life in prison.

Hasty maintains that the finding of lack of diligence was not authorized by the evidence because he presented a prima facie case of diligence against which there was no contrary evidence. The question of reasonable diligence in procuring counsel is a factual one to be decided by the trial court. *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983). However, here the evidence demands a finding of due diligence, for it conclusively establishes that defendant has been indigent since at least his trial on the prior charges and has been financially unable to employ counsel. The reason for no retained counsel was lack of funds, not lack of diligence. The diligence test applies to *non*-indigents, as recognized in the opinion the first time this case appeared here. *Hasty v. State*, supra at 723. See also *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992). Every person has a right "to be defended by counsel of his own selection whenever he is *able* and willing to employ an attorney and uses reasonable diligence to obtain his services." (Emphasis supplied.) *Delk v. State*, 100 Ga. 61 (27 SE 152) (1896). See *Shaw*, supra at 111. A *non-indigent* defendant must act with reasonable diligence in obtaining an attorney's service. *Callaway v. State*, 197 Ga. App. 606, 607-608 (398 SE2d 856) (1990).

It was abundantly evident that Hasty was not able to employ an attorney. The record establishes this by the fact of his uninterrupted indigency and the unsuccessful numerous attempts, because of lack of finances, by himself and his family members to obtain the services of an attorney. We conclude that the diligence applied by Hasty in his

effort to hire counsel was reasonable as a matter of law.

2. There remains the question of whether he is entitled to a new trial. If he waived court-appointed counsel in a manner required by law, then the fact that representation was by himself would not require a new trial.

" 'A person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer. *Gideon v. Wainwright*, 372 U. S. 335 [(83 SC 792, 9 LE2d 799) (1963)]. This right attaches at the pleading stage of the criminal process, *Rice v. Olson*, 324 U. S. 786 [(65 SC 989, 89 LE 1367) (1945)], and may be waived only by voluntary and knowing action. *Johnson v. Zerbst*, 304 U. S. 458 [(58 SC 1019, 82 LE 1461) (1938)]; *Carnley v. Cochran*, 369 U. S. 506 [(82 SC 884, 8 LE2d 70) (1962)]. Waiver will not be "lightly presumed," and a trial judge must "indulge every reasonable presumption against waiver." *Johnson*, supra, at 464.' *Boyd v. Dutton*, 405 U. S. 1, 2 (92 SC 759, 30 LE2d 755). 'It is clear, however, that should a defendant choose to represent himself, he must have an opportunity to voluntarily, knowingly, and intelligently waive his right to counsel.' *Rogers v. State*, 156 Ga. App. 466 (1) (274 SE2d 815)." *Fernandez v. State*, 171 Ga. App. 290, 292 (319 SE2d 503) (1984). See also *Callaway v. State*, supra. Cf. *Mock v. State*, 163 Ga. App. 320, 321 (293 SE2d 525) (1982).

"[T]he standard for waiver requires an intentional relinquishment or abandonment of a known right or privilege, and the ' "constitutional right of the accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear on the record." *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE2d 1461) (1937).' *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981). [Cits.]" *Butler v. State*, 198 Ga. App. 217, 220 (1) (401 SE2d 43) (1990).

Had the court inquired about the practical possibility of hiring counsel at the time this case first came on for trial on May 21, it would have been clear that the likelihood was bleak. At that point defendant should have been so advised so that defendant would understand that if he could not find the means to employ counsel, the consequences of discharging court-appointed counsel Strickland would be an absolute and permanent waiver of any court-appointed counsel. A court *can*, in its discretion, appoint other counsel, *Turner v. State*, 199 Ga. App. 836 (1) (406 SE2d 512) (1991), and the court

should have made certain that defendant realized he probably could not retain counsel and, in that event, would not have opportunity for court-appointed counsel again because the court had determined in its discretion not to appoint one. This was necessary because, if defendant could not get retained counsel despite due diligence, was indigent, and did not want to represent himself, then he could be forced to represent himself at trial only if he had waived court-appointed counsel.

The record in the present case does not demonstrate that Hasty ever knowingly, voluntarily, and intelligently waived his right to appointed counsel. "The presumption is against waiver, and it is the responsibility of the court, when the accused is without counsel, to clearly determine whether there has been a proper waiver. [Cit.]" *Rogers v. State*, 156 Ga. App. 466, 467 (274 SE2d 815) (1980).

"Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment. . . . In order to establish a valid waiver, a trial ' "judge must investigate as long and as thoroughly as the circumstances of the case before him demand. . . . To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. . . . (Cits.)" (Cits.)' [Cit.]" *Kirkland v. State*, 202 Ga. App. 356, 357-358 (414 SE2d 502) (1991). That is missing here.

The record is also bereft of evidence that Hasty understood the consequences, dangers, and permanency of waiving his right to counsel at the time he sought dismissal of his court-appointed counsel. On the morning of trial, the court merely confirmed that new counsel would not be appointed and said: ". . . what you will have to do today is represent yourself, which is a very dangerous thing."

Since it appears that Hasty was unable to obtain counsel despite diligent efforts and did not waive his right to counsel, then, as directed in the earlier decision in this case, "a new trial is warranted." *Hasty v. State*, supra at 724. See *Wallis v. State*, 137 Ga. App. 457 (224 SE2d 91) (1976), in which the absence of retained counsel was the result of reasons beyond defendant's control. Compare *Wood v. State*, 199 Ga. App. 252 (1) (404 SE2d 589) (1991); *Smith v. State*, 194 Ga. App. 810 (392 SE2d 288) (1990), in which there was a lack of reasonable diligence.

*Judgment reversed and case remanded. Pope, C. J., Birdsong, P. J., Johnson and Blackburn, JJ., concur. McMurray, P. J., Smith and Ruffin, JJ., concur in the judgment only. Andrews, J., dissents.*

ANDREWS, Judge, dissenting.

Hasty rejected his court-appointed trial counsel just before the commencement of his trial. The trial court made it clear that if Hasty refused to accept the court-appointed counsel, he would be forced to represent himself at the trial. Hasty then informed the trial court that he did not want court-appointed counsel but wanted to hire his own attorney. In order to give Hasty an opportunity to hire a lawyer, the trial court continued the trial from the May calendar to the July calendar. The trial court informed Hasty that he would be tried with hired counsel or "if you don't have [hired counsel] by July, you will have to represent yourself then." When the case was called in July, Hasty showed up without counsel, informed the court that he had been unable to hire counsel, and stated that he wanted court-appointed counsel to represent him. The trial court refused to give Hasty new appointed counsel and required Hasty to proceed to trial without the assistance of counsel.

We remanded this case to the trial court in *Hasty v. State*, 210 Ga. App. 722, 725 (437 SE2d 638) (1993), for a hearing to determine whether Hasty's lack of representation at trial was attributable to his own lack of diligence. See *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983); *Callaway v. State*, 197 Ga. App. 606, 607-608 (398 SE2d 856) (1990). After a hearing on remand, the trial court concluded that Hasty's lack of representation was due to his own lack of diligence and that no new trial was required.

On appeal, Hasty claims he acted diligently in attempting to hire counsel and that the trial court erred in refusing to grant him a new trial since he did not waive his right to appointed counsel. In reversing the trial court and ordering a new trial, the majority concludes that Hasty is entitled to a new trial because the record does not reflect that he knowingly waived the right to be represented by appointed counsel.

Assuming that Hasty diligently attempted but was unable to hire counsel, his asserted right to a new trial is based on the claim that he was indigent and the trial court erroneously denied his request for court-appointed counsel after he was unable to hire one. Accordingly, the determinative issue in this case is whether Hasty validly waived the right to be represented at trial by appointed counsel.

Although Hasty qualified as an indigent and was given appointed counsel, he rejected his court-appointed counsel when the case was first called for trial. "[A]n indigent criminal defendant does not have an absolute right to discharge one court-appointed attorney and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court." *Burney v. State*, 244 Ga. 33, 35 (257 SE2d 543) (1979); *Turner v. State*, 199 Ga. App. 836 (406 SE2d 512) (1991). The trial court did not abuse its discretion by

informing Hasty that by rejecting his court-appointed counsel, he would be required to represent himself. When informed of this fact, Hasty told the trial court he wanted to hire his own lawyer, and asked for a continuance of the trial to do so. The trial court accommodated Hasty's request for an opportunity to hire counsel but made clear that by rejecting his court-appointed counsel, Hasty would be required to represent himself in the event he did not obtain hired counsel.

The record is adequate to show the trial court found that Hasty's rejection of court-appointed counsel, along with his request for a continuance to hire counsel, was "the functional equivalent of a knowing and voluntary waiver of counsel." *Mercier v. State*, 203 Ga. App. 494, 495 (417 SE2d 430) (1992). As to any claim that Hasty was not adequately warned of the dangers of proceeding pro se, the record reflects that the trial court warned Hasty of the difficulty of proceeding pro se and recommended against it. Moreover, "[b]y his very invocation of the right to [hired] counsel at trial, appellant clearly understood and wished to avoid the danger of self-representation." *Burnett v. State*, 182 Ga. App. 539, 541 (356 SE2d 231) (1987); compare *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981). The trial court properly denied a new trial.

DECIDED NOVEMBER 9, 1994.

*Steven M. Reilly*, for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for appellee.