A98A0009. SMITH v. THE STATE.
(498 SE2d 561)

BLACKBURN, Judge.

Following a jury trial, Robert Anthony Smith, pro se, was found guilty of possession of cocaine with intent to distribute. Smith, now represented by counsel, appeals and asserts several enumerations of error.

1. Smith contends that he was improperly denied trial counsel. The State responds that Smith knowingly and voluntarily waived his right to counsel.

"A person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer. *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963). This right attaches at the pleading stage of the criminal process, *Rice v. Olson*, 324 U. S. 786 (65 SC 989, 89 LE 1367) (1945), and may be waived only by voluntary and knowing action. *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1938); *Carnley v. Cochran*, 369 U. S. 506 (82 SC 884, 8 LE2d 70) (1962). Waiver will not be lightly presumed, and a trial judge must indulge every reasonable presumption against waiver. *Johnson*, supra[ ] at 464. *Boyd v. Dutton*, 405 U. S. 1, 2 (92 SC 759, 30 LE2d 755) [(1972)]. It is clear, however, that should a defendant choose to represent himself, he must have an opportunity to voluntarily, knowingly, and intelligently waive his right to counsel. *Rogers v. State*, 156 Ga. App. 466 (1) (274 SE2d 815) [(1980)]. *Fernandez v. State*, 171 Ga. App. 290, 292 (319 SE2d 503) (1984). [Cit.] Cf. *Mock v. State*, 163 Ga. App. 320, 321 (293 SE2d 525) (1982).

"The standard for waiver requires an intentional relinquishment or abandonment of a known right or privilege, and the constitutional right of the accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or

liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear on the record. *Johnson*[, supra]. *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981). (Cits.) *Butler v. State*, 198 Ga. App. 217, 220 (1) (401 SE2d 43) (1990)." (Punctuation omitted.) *Hasty v. State*, 215 Ga. App. 155, 158 (2) (450 SE2d 278) (1994).

During a pretrial hearing, Smith initially asserted his right to represent himself. The trial court informed Smith of his right to court-appointed counsel, of the dangers of proceeding pro se, and of the maximum sentence which he faced. Thereafter, Smith stated that he believed that he needed a lawyer, and that he was going to hire an attorney of his own. Seven days later, Smith showed up for trial without a lawyer. When the court inquired as to whether Smith had a lawyer, Smith responded, "My sister, Phyllis Smith, she was supposed to get her personal attorney, Ken Carpenter, but I wasn't sure if she had got him. She had called him at home. He was going to let me know if he was going to represent me. But I didn't know. So — I think." Without further questioning, the trial court required that Smith represent himself and proceeded with the trial of the case.

The record does not demonstrate that Smith ever knowingly, voluntarily, and intelligently waived his right to appointed counsel. The trial court never questioned Smith regarding obtaining appointed counsel or his diligence in obtaining a privately retained attorney. In *Hasty v. State*, 210 Ga. App. 722 (437 SE2d 638) (1993), after dismissing his court-appointed attorney on the day of trial, the defendant was given a continuance of over one month in order to retain a private attorney prior to trial. However, he appeared at trial without an attorney. Id. Therein, we determined that because the record did not contain any inquiry upon which the trial court could have based a determination that the defendant's "lack of representation was attributable to his own lack of diligence in retaining counsel, we must remand the case to the trial court for a hearing to determine why [the defendant] appeared at trial without counsel after having been warned that he would have to proceed to trial if he appeared without representation." Id. at 724.

Based upon our decision in *Hasty*, we remand the present case for a hearing. "If it appears that [Smith] was unable to obtain counsel despite diligent efforts, then a new trial is warranted. If, on the other hand, after this hearing, the court determines that [Smith's] failure to obtain counsel was attributable to his own lack of diligence, then no new trial is demanded." Id. at 724-725. See also *Hasty*, 215 Ga.

App. at 157 (distinguishing lack of diligence in hiring an attorney from lack of funds to do so).

We will address Smith's remaining enumerations of error which could occur during any new trial granted by the trial court upon remand.

2. Smith contends that the trial court erred in restricting his closing argument so as to not allow him to comment on the State's failure to produce certain witnesses. We agree that Smith had the right to comment on the State's failure to call witnesses where the jury was presented with evidence that the missing witnesses had "knowledge of facts relevant and material to the case." *Morgan v. State*, 267 Ga. 203, 206-207 (476 SE2d 747) (1996). Although evidence was presented that another officer was at the scene where Smith was arrested and that this officer was not called by the State at trial, no evidence was presented that this other officer had any knowledge relevant or material to Smith's case. See *Dennis v. State*, 226 Ga. App. 390, 391 (2) (486 SE2d 656) (1997) (no abuse of discretion where defendant failed to produce evidence that the missing witness had information relevant to the facts of defendant's case); *Kendrick v. State*, 224 Ga. App. 72, 75 (6) (479 SE2d 464) (1996) ("even assuming arguendo that the trial court's ruling was somehow error, [defendant] failed to show the requisite harm").

3. Smith contends that the trial court erred in allowing evidence before the jury that he had previously been convicted of using a false name and giving a false date of birth. Smith asserts that the trial court failed to hold a hearing required by *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), prior to allowing this evidence.

The record reflects that the trial court held a hearing to determine the admissibility of a similar transaction, a 1991 conviction for possession of cocaine. A certified copy of Smith's 1991 conviction was introduced without objection at trial. Smith had also been charged with and convicted of giving a false name and birthdate to a police officer in connection with the 1991 possession charges. The indictment and sentence introduced at trial were not redacted, but allowed evidence of these other charges before the jury. However, Smith waived this "issue by failing to object to that portion of the prior conviction when it was tendered into evidence." Id. at 643 (3).

4. Smith contends that the trial court erred by allowing the State to make prejudicial and inflammatory remarks during closing argument. However, Smith failed to object at the time of the remarks.

"The time to object to improper closing argument is when the impropriety occurs at trial, when the trial judge may take remedial action to cure any possible error. When no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the

verdict; the test is whether the improper argument in reasonable probability changed the result of the trial. *Todd v. State*, 261 Ga. 766, 767 (2) (a) (410 SE2d 725) (1991)." (Punctuation omitted.) *Hopkins v. State*, 227 Ga. App. 567, 568 (489 SE2d 368) (1997). Under this standard, we cannot say that the State's argument regarding the number of drug cases in arraignment in DeKalb County on a given day changed the result of the trial.

*Judgment affirmed on condition and case remanded with direction. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998.

*Marie M. Blue*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.